UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NICO ASPHALT PAVING, INC. and
CITYWIDE PAVING INCORPORATED,

                        Plaintiffs,                              **MEMORANDUM & ORDER**
                                                                        20-CV-2801 (RPK) (RER)
   -against-

CONSTRUCTION COUNCIL LOCAL 175,

                        Defendant.
-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

       Plaintiffs filed this lawsuit on June 24, 2020. They allege that defendant breached a collective bargaining agreement in violation of the Taft-Hartley Act, 29 U.S.C. § 186, and New York Labor Law, Art. 6, § 193. *See generally* Compl. (Dkt. #1). Plaintiffs filed a motion for a temporary restraining order on July 24, 2020. *See* Mot. for TRO (Dkt. #9). During a hearing on that motion on July 30, 2020, counsel for all parties agreed that defendant had not been properly served and that the Court therefore lacked personal jurisdiction over defendant. *See* Minute Entry and Order Dated July 30, 2020. There is no indication that defendant has been properly served with the summons and the complaint since that time. Indeed, no party has taken action in this case since July 30, 2020.

       On October 26, 2020, I issued an order directing plaintiffs to file proof of service or a status report, and warning plaintiffs that a failure to do so may result in the dismissal of this case for failure to prosecute. *See* Order Dated Oct. 26, 2020. Plaintiffs did not respond. On January 27, 2021, I issued another order directing plaintiffs to respond by February 10, 2021. *See* Order Dated Jan. 27, 2021. Plaintiffs again failed to respond.

1

Federal Rule of Civil Procedure 4(c) provides that "[t]he plaintiff is responsible for having the summons and complaint served [upon the defendant] within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time," absent a showing of "good cause for the failure." Fed. R. Civ. P. 4(m).

More than 90 days have passed since the complaint was filed, and plaintiffs have failed to establish that they properly served the defendant. Plaintiffs were twice directed to file proof of service and were put on notice that their claims might be dismissed if they failed to do so. Nevertheless, plaintiffs have failed to respond and have neither shown that defendant was properly served nor offered any excuse for that failure. Accordingly, the complaint is dismissed without prejudice under Federal Rule of Civil Procedure 4(m). *See Dicks v. Chow*, 382 F. App'x 28, 30 (2d Cir. 2010); *see also, e.g.*, *Rivera v. Discovery Wines LLC*, No. 19-CV-1418, 2019 WL 3338140, at *1 (S.D.N.Y. July 24, 2019); *Azkour v. Little Rest Twelve, Inc.*, No. 10-CV-4132, 2012 WL 2125928, at *1-*2 (S.D.N.Y. June 12, 2012).

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: April 13, 2021
      Brooklyn, New York